JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

RICKEY D. TURNER, JR.
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-1373
Facsimile:  (303) 844-1350

DAVENÉ D. WALKER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:  (202) 353-9213
Facsimile:  (202) 305-0506

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| DEVILS' GARDEN PRESERVATION GROUP, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>AMANDA McADAMS, *et al.*,<br><br>Defendants. | Case No.: 2:17-cv-02185-MCE-KJN<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

Defendants Amanda McAdams and the United States Forest Service ("Forest Service"), by and through the undersigned counsel, submit the following Answer in response to Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). The numbered paragraphs of Defendants' Answer correspond to the numbered paragraphs of Plaintiffs' Complaint. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

1. The allegations contained in the first, second, and sixth sentences of Paragraph 1 consist of characterizations of Plaintiffs' action or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation. Defendants admit the allegations in the third and fourth sentences of Paragraph 1. The allegations in the fifth sentence of Paragraph 1 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning. Defendants deny the allegations in the seventh sentence of Paragraph 1.

2. The allegations in the first sentence of Paragraph 2 purport to characterize an April 22, 2016 Statistical Analysis Memorandum, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the memorandum's plain language, context, or meaning.  Defendants admit that resource damage has been documented at numerous riparian and spring sites but deny the remaining allegations in the second sentence of Paragraph 2 as that damage has not been quantified. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 2 and deny them on that basis. The allegations contained in the fifth and sixth sentences of Paragraph 2 consist of characterizations of

2

Plaintiffs' action or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

3. The allegations in Paragraph 3 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation

4. The allegations in Paragraph 4 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation except to admit that Defendant McAdams is employed by the Forest Service and has an office in Alturas, California.

5. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and deny them on that basis.

6. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and tenth sentences of Paragraph 6 and deny them on that basis. The allegations in the sixth, seventh, and eighth sentences of Paragraph 6 purport to characterize the April 29, 2015 grazing permit for Wilson Ranches, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the permit's plain language, context, or meaning. Defendants deny the allegations in the ninth sentence of Paragraph 6.

7. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fifth sentences of Paragraph 7 and deny them on that basis. Defendants admit that the Annual Operating Instructions for 2014 shows the livestock numbers were reduced but deny the remaining allegations in the second and fourth sentences of Paragraph 7.

3

8. The allegations in Paragraph 8 purport to characterize Annual Operating Instructions for Wilson Ranches, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, sixth, and ninth sentences of Paragraph 9 and deny them on that basis. The allegations in the fifth, seventh, and eighth sentences of Paragraph 9 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, a 2016 Statistical Analysis Memorandum, and a grazing permit for the Green Valley Corporation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

10. Defendants admit the allegations in the first and second sentences of Paragraph 10. Defendants admit that representatives from Plaintiff MS Ranch has attended Modoc planning meetings but lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 10 and deny them on that basis.

11. The allegations in Paragraph 11 purport to characterize an April 22, 2016 Statistical Analysis Memorandum and the Annual Operating Instructions for the Green Valley Corporation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

12. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

4

13. The allegations in Paragraph 13 purport to characterize the Annual Operating Instructions for Green Valley Corporation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the instructions' plain language, context, or meaning.

14. The allegations contained in Paragraph 14 consist of characterizations of Plaintiffs' action and legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation, except to admit that Amanda McAdams is the Forest Supervisor for the Modoc National Forest.

15. The allegations contained in Paragraph 15 consist of characterizations of Plaintiffs' action and legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation, except to admit that United States Forest Service is an agency within the United States Department of Agriculture.

16. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 16 and deny them on that basis. Defendants deny the allegations in the third sentence of Paragraph 16.

17. The allegations in Paragraph 17 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

18. The allegations in Paragraph 18 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, its implementing regulation, and the Multiple Use Sustained-Yield Act of 1960, 16 U.S.C. § 528 *et seq.*, which speak for

themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the statutes' and regulation's plain language, context, or meaning.

19. The allegations in Paragraph 19 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

20. The allegations in Paragraph 20 purport to characterize the Public Rangelands Improvement Act of 1978, Pub. L. 95-514, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

21. The allegations in Paragraph 21 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

22. The allegations in Paragraph 22 purport to characterize an implementing regulation of the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, the 1991 Modoc Forest Plan, and the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

23. The allegations in Paragraph 23 purport to characterize the 2013 Devil's Garden Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

24. The allegations in Paragraph 24 purport to characterize a Memorandum of Understanding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the memo's plain language, context, or meaning.

25. The allegations in Paragraph 25 purport to characterize the 1991 Modoc Forest Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

26. The allegations in the first sentence of Paragraph 26 purport to characterize the 2013 Devil's Garden Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning. Defendants deny the allegations in the second and third sentences of Paragraph 26.

27. The allegations in Paragraph 27 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, its implementing regulation, a Forest Service Manual, and a Memorandum of Understanding, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the materials' plain language, context, or meaning.

28. The allegations in Paragraph 28 purport to characterize an implementing regulation for the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, and a Bureau of Land Management Handbook, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the regulations and handbook's plain language, context, or meaning.

29. The allegations in Paragraph 29 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of*

7


*Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the evaluation's plain language, context, or meaning.

30. The allegations in Paragraph 30 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013) and Forest Service grazing permits, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the evaluation and permit's plain language, context, or meaning.

31. The allegations in Paragraph 31 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013) and Forest Service grazing permits, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the evaluation and permit's plain language, context, or meaning.

32. The allegations in Paragraph 32 purport to characterize a study by the University of California, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the study's plain language, context, or meaning.

33. The allegations in Paragraph 33 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of

their contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

34. The allegations in Paragraph 34 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, grazing permits, and annual operating instructions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

35. The allegations in Paragraph 35 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the evaluation's plain language, context, or meaning.

36. Defendants admit the allegations in Paragraph 36.

37. The allegations in Paragraph 37 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the evaluation's plain language, context, or meaning.

38. The allegations in Paragraph 38 purport to characterize the Devil's Garden Plateau Wild Horse Territory Management Plan and an implementing regulation for the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq*., which speak for

themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plans and regulation's plain language, context, or meaning.

39. The allegations in Paragraph 39 purport to characterize the Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

40. The allegations in Paragraph 40 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the evaluation's plain language, context, or meaning.

41. The allegations in Paragraph 41 purport to characterize *American Wild Horse Preservation Campaign v. Perdue,* No. 15-5332, 2017 WL 3318750 (D.C. Cir. Aug. 4, 2017), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the decision's plain language, context, or meaning.

42. The allegations in the first and second sentence of Paragraph 42 purport to characterize *American Wild Horse Preservation Campaign v. Perdue,* No. 15-5332, 2017 WL 3318750 (D.C. Cir. Aug. 4, 2017) and the Devil's Garden Plateau Wild Horse Territory Management Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the decisions and plan's plain language, context, or meaning. The allegations in the third sentence of Paragraph 42 consist of legal

conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

43. The allegations in Paragraph 43 purport to characterize the Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

44. Defendants admit the allegations in the first sentence of Paragraph 44. The allegations in second sentence of Paragraph 44 purport to characterize a 2016 aerial survey, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the survey's plain language, context, or meaning.

45. The allegations in Paragraph 45 purport to characterize an April 22, 2016 Statistical Analysis Memorandum, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the memorandum's plain language, context, or meaning.

46. The allegations in Paragraph 46 purport to characterize the 1991 Modoc Forest Plan and 2017 Annual Operating Instructions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

47. The allegations in Paragraph 47 purport to characterize 2017 Annual Operating Instructions, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the instructions' plain language, context, or meaning.

48. Defendants deny the allegations in Paragraph 48 but aver that the next gather is not anticipated until 2018.

11

49. Defendants admit the allegations in Paragraph 49 that, in October 2017, the Forest Service released approximately 60 wild horses gathered from private lands in 2016 back on the Modoc National Forest, and specifically released wild horses on Emigrant Springs Allotment. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 and deny them on that basis.

51. The allegations in Paragraph 51 purport to characterize a May 16, 2017 email, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the document's plain language, context, or meaning.

52. The allegations in Paragraph 52 purport to characterize an Economics Analysis in the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

53. The allegations in Paragraph 53 purport to characterize an evaluation titled *Devil's Garden Plateau Wild Horse Territory: Evaluation of Monitoring Data for the Purpose of Determining an Appropriate Management Level,* Pacific Southwest Region Devil's Garden and Doublehead Ranger Districts, Modoc National Forest (Jan. 2013), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the evaluation's plain language, context, or meaning.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, fourth, fifth, and sixth sentences of Paragraph 55 and deny them on that basis. The allegations in the second and third sentences of Paragraph 55 purport to

characterize a recent 2017 horse population survey, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the survey's plain language, context, or meaning.

56. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 56 and deny them on that basis. The allegations in the second sentence of Paragraph 56 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

57. The allegations in the first sentence of Paragraph 57 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning. The allegations in the second sentence of Paragraph 57 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

58. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and deny them on that basis.

59. Defendants deny the allegations in Paragraph 59 except to admit that the Forest Service has had conversations in the past with some Plaintiffs regarding horses on private and public land.

60. Defendants deny the allegations in Paragraph 60 except to admit that some Plaintiffs have had reductions in their livestock numbers and AUMs.

61. Defendants deny the allegations in the first and sixth sentences of Paragraph 61. Defendants admit that an overpopulation of wild horses can degrade range resources but Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second, third, fourth, and fifth sentences of Paragraph 61 and deny them on that basis.

62. Defendants admit the allegations of the first sentence of Paragraph 62. Defendants deny the allegations in the second and third sentences of Paragraph 62. The allegations contained in the fourth and fifth sentences of Paragraph 62 consist of characterizations of Plaintiffs' action or legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

63. Defendants hereby incorporate each and every answer contained in Paragraphs 1 through 62.

64. The allegations in Paragraph 64 purport to characterize the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

65. The allegations in Paragraph 65 purport to characterize the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

66. The allegations in Paragraph 66 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

67. The allegations in Paragraph 67 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

68. The allegations in Paragraph 68 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

69. The allegations in Paragraph 69 purport to characterize the Wild and Free-Roaming Horses and Burros Act of 1971, 16 U.S.C. § 1331 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language, context, or meaning.

70. The allegations in Paragraph 70 purport to characterize the 2013 Devil's Garden Plateau Wild Horse Territory Management Plan and a 2013 Decision Notice, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the documents' plain language, context, or meaning.

71. The allegations in Paragraph 71 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny them.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants hereby incorporate each and every answer contained in Paragraphs 1 through 73.

75. The allegations in Paragraph 75 purport to characterize the Devil's Garden Plateau Wild Horse Territory Management Plan, which speaks for itself and is the best evidence of its

contents, and consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny them.

76. The allegations in Paragraph 76 purport to characterize and quote from the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq.*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the act's plain language, context, or meaning.

77. The allegations in Paragraph 77 purport to characterize the Devil's Garden Plateau Wild Horse Territory Management Plan and NFMA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plan or the statute's plain language, context, or meaning.

78. The allegations in Paragraph 78 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny them.

79. Defendants admit that since 2013 the Forest Service has conducted one gather in 2016 of 292 wild horses from tribal and private lands within the Causeway, Avanzino, and Steele Swamp gather areas. Defendants deny the remaining allegations in the first sentence of Paragraph 79. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants hereby incorporate each and every answer contained in Paragraphs 1 through 80.

82. The allegations in Paragraph 82 purport to characterize and quote from NFMA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the act's plain language, context, or meaning.

83. The allegations in Paragraph 83 purport to characterize NFMA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the act's plain language, context, or meaning.

84. The allegations in Paragraph 84 purport to characterize the Modoc Forest Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

85. The allegations in Paragraph 85 purport to characterize the Modoc Forest Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

86. The allegations in Paragraph 86 purport to characterize the Modoc Forest Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plan's plain language, context, or meaning.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. The allegations in Paragraph 89 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny them.

90. The allegations in Paragraph 90 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny them.

91. Defendants deny the allegations in Paragraph 91

**PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiffs' requests for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim or claims upon which relief can be granted.

2. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3. Plaintiffs lack standing on all or some of their claims.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety and order such further relief as it deems appropriate.

Dated:  January 16, 2018                                      Respectfully Submitted,

JEFFREY H. WOOD,
Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN,
Assistant Section Chief
DAVENÉ D. WALKER,
Trial Attorney

/s/ Rickey D. Turner, Jr.
RICKEY D. TURNER, JR.
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1373

*Attorneys for Defendants*