Dennis L. Porter (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone: (916) 381-8300
Fax: (916) 381-8726
dlporter2@yahoo.com

Caroline Lobdell, Ore. Bar #021236, *pro hac vice*
Shay S. Scott, Ore. Bar #934214*, pro hac vice*
Scott W. Horngren, Ore. Bar #880604, *pro hac vice*
WESTERN RESOURCES LEGAL CENTER
9220 SW Barbur Blvd., Suite 327
Portland, Oregon 97219
Telephone: (503) 768-8500
Fax: (503) 222-3255
clobdell@wrlegal.org
sscott@wrlegal.org
shorngren@wrlegal.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| **DEVILS' GARDEN PRESERVATION GROUP**, an unincorporated association; **WILSON RANCHES,** a California general partnership; and **GREEN VALLEY CORP.**, a California corporation dba MS Ranch,<br><br>Plaintiffs,<br>vs.<br><br>**AMANDA McADAMS,** in her official capacity as Forest Supervisor, Modoc National Forest; and **U.S. FOREST SERVICE**, an agency within the U.S. Department of Agriculture,<br><br>Defendants | Case No: 2:17-CV-02185-MCE-KJN<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE** |

1 – PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

**RESPONSE**

On February 2, 2018, proposed defendant-intervenors American Wild Horse Campaign, Animal Legal Defense Fund, and Carla Bowers ("proposed intervenors"), filed a motion to intervene as defendants. Dkt. #18. Plaintiffs take no position on the motion in light of the following agreement with counsel for proposed intervenors.

During the conferral process on proposed intervenors' pending Motion to Intervene, their counsel stipulated to abide by any existing deadlines already agreed to by the existing parties, including those outlined in the Joint Case Management Statement. Dkt. #17. Upon review of proposed intervenors' motion, counsel for plaintiffs further conferred about reasonable conditions on proposed intervenors' participation. Counsel for proposed intervenors has agreed: (1) to avoid duplicative briefing, and to stagger the filing of their merits briefing after federal defendants, on a date agreed to by the parties consistent with any agreed or court-ordered schedule,[1] (Dkt. #17); and (2) that proposed intervenors will file consolidated briefing on behalf of all three intervenors during the pendency of this case.

Counsel for plaintiffs was not made aware of any intention to raise a Cross-Claim during the initial conferral process but has since conferred further on this issue. Counsel for proposed intervenors clarified that there is a contingent Cross-Claim contained in the Proposed Answer, (Dkt. #18-5 at 16-17), but that if the Cross-Claim is ultimately pursued, proposed intervenors will not seek independent and separate merits briefing on the Cross-Claim or discovery. Counsel for proposed intervenors explained that whether the contingent Cross-Claim is pursued depends on federal defendants' position at summary judgment as to whether "excess" determinations have been made about wild horses within the territory at issue here. As such, proposed intervenors do

---

[1] Plaintiffs acknowledge that to accommodate staggered briefing, the parties may need to confer about slightly modifying the schedule.

2 – PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

not intend to raise a separate and additional claim at this time, but should circumstances change, they will seek leave of Court prior to filing an independent Cross-Claim. Plaintiffs have not yet had an opportunity to analyze this possible contingent Cross-Claim and respectfully reserve their position on whether such a claim is even justiciable. Of note, the Motion to Intervene boasts a "precedent setting victory" on "the same decision document" for wild horse management. Dkt. #18-1 at 9. Thus, it is unclear at this time whether issue or claim preclusion would preclude proposed intervenors from asserting such a Cross-Claim. It is also unclear whether proposed intervenors would have standing to assert an independent Cross-Claim.

District courts may impose reasonable conditions or restrictions on a proposed intervenor's participation in an action and the conditions that the plaintiffs suggest here are reasonable and agreed to. *Pac. Rivers Council v. U.S. Forest Serv.*, No. 2:05-cv-00953-MCE-GGH, 2005 WL 2671404, at *2 (E.D. Cal. Oct. 19, 2005) (citing *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may also be placed on an intervenor of right and on an original party.")).

Respectfully submitted this 22nd day of February, 2018.

/s/ Dennis L. Porter
Dennis L. Porter (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, California 95824-2304
Telephone: (916) 381-8300
Fax: (916) 381-8726
dlporter2@yahoo.com

/s/ Caroline Lobdell
Caroline Lobdell (Or. Bar # 021236), *pro hac vice*
Shay S. Scott (Or. Bar # 934214), *pro hac vice*
Scott Horngren (Or. Bar # 880604), *pro hac vice*

WESTERN RESOURCES LEGAL CENTER
9220 SW Barbur Blvd., Suite 327
Portland, OR 97219

3 – PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

Telephone: (503) 768-8500
Fax: (503) 222-3255
shorngren@wrlegal.org
sscott@wrlegal.org
clobdell@wrlegal.org

*Attorneys for Plaintiffs*

4 – PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE