UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVILS GARDEN PRESERVATION GROUP, et al.,

Plaintiffs,

v.

UNITED STATES FOREST SERVICE, et al.,

Defendants.

No. 2:17-cv-02185-MCE-KJN

**ORDER**

The American Wild Horse Campaign ("AWHC"), Animal Legal Defense Fund ("ALDF"), and Carla Bowers (collectively "Proposed Intervenors") move to intervene in this lawsuit as a matter of right under Federal Rule of Civil Procedure 24(a)(2).[1] Here, Proposed Intervenors renew a previously filed Motion to Intervene (ECF No. 18) which this Court denied "without prejudice to refiling" based solely on a request for a stay by Plaintiffs and Defendants. ECF No. 60. That stay was recently ordered lifted by the Court. ECF No. 76.

Regarding Proposed Intervenors' original Motion to Intervene, the parties took no position on the motion. See ECF No. 24 ("Defendants . . . take no position on the motion

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

to intervene."); ECF No. 28 (Plaintiffs taking no position on the original motion in light of an agreement on existing deadlines and staggered briefing schedules).  Here, the parties filed no responses to Proposed Intervenors' renewed Motion, leading the Court to believe that Defendants and Plaintiffs remain indifferent to the request.

The Ninth Circuit's decision in <u>Allied Concrete and Supply Co. v. Baker</u>, 904 F.3d 1053 (9th Cir. 2018) articulates the standard to be employed in ruling on a motion for intervention as of right under Rule 24(a):

> To determine whether a party may intervene as of right, we employ a four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable interest" in the action; (3) the disposition of the action must as a practical matter impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest may be inadequately represented by the other parties.

<u>Id.</u> at 1067, citing <u>Wilderness Soc'y v. U.S. Forest Serv</u>., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied."  <u>Perry v. Proposition 8 Official Proponents</u>, 587 F.3d 947, 950 (9th Cir. 2009).

Having reviewed the Motion and supporting materials thereto, as well as considering the parties' non-opposition, the Court finds that the American Wild Horse Campaign, Animal Legal Defense Fund, and Carla Bowers are Defendant-Intervenors as of right in this matter, and accordingly GRANTS Proposed Intervenors' Renewed Motion to Intervene (ECF No. 71) under Rule 24(a).

The Clerk of Court shall enter Defendant-Intervenors' Proposed Answer (ECF No. 18-5) as an Answer on the ECF filing system in this case.

IT IS SO ORDERED.

Dated:  August 6, 2019

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

2