UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIL'S GARDEN PRESERVATION GROUP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, et al.,<br><br>Defendants. | No. 2:17–cv–2185-MCE–KJN (PS)<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(ECF No. 90) |

On February 6, 2020, Plaintiffs filed a motion to compel, requesting Defendants be ordered to respond to thirteen requests for production of documents, as per the Federal Rules of Civil Procedure and as allowed by the district judge's scheduling order. (See ECF No. 90, citing Rule 37 and ECF No. 83.) Defendants opposed, arguing (among other things) that because the issues raised in this case concern a decision by a federal agency, no discovery is allowed, as the procedures are governed by the Administrative Procedures Act. 5 U.S.C. § 706(1). The matter was set for a March 4, 2020 hearing before the undersigned. (ECF No. 99.)

On February 27, 2020, the parties filed their joint statement regarding this dispute. (ECF No. 100.) Therein, Plaintiffs argued that certain exceptions to the 'no-discovery' rule applied. See Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560 (9th Cir. 2000) ("In [certain] cases, review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record."); see also City of Santa Clarita v. U.S.

Dep't of Interior, 2005 WL 2972987, at *1 (C.D. Cal. Oct. 31, 2005) ("[T]he Ninth Circuit has allowed extra-record review or limited discovery [in APA cases] in only four narrow circumstances: (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) when it appears that the agency has relied on documents or materials not included in the administrative record; (3) when necessary to explain technical terms or complex subject matter involved in the agency action; or (4) when there is a strong showing of bad faith or improper behavior by the agency."). Defendants opposed.

Pending at the same time as this discovery dispute was Defendants' motion to modify the scheduling order, submitted to the assigned district judge on January 21, 2020. (ECF No. 88.) Therein, Defendants argued that the standard scheduling order for civil cases was inappropriate because this is an APA review case, and thus an expedited schedule was more appropriate. (Id.) Plaintiffs opposed a change in the schedule, citing (among other things) the exceptions to the APA 'no discovery' rule. See Dombeck, 222 F.3d at 560.

On March 2, the district judge granted Defendant's motion to modify the schedule. (ECF No. 101.) Therein, the court stated that this action "is governed by the APA, which limits the scope of the court's review to the administrative record available to the agency at the time of the challenged decision, unless certain exceptions apply." (Id. at p. 2.) The court found Defendants' proposed schedule "follows the standard procedure in APA cases and Plaintiffs have not presented any arguments persuading the Court to deviate from this procedure." (Id.) The court ordered Defendants to supplement the administrative record within 90 days, and granted Plaintiffs leave to supplement the record thirty days after; the court also set a briefing schedule for summary judgment on the record. (Id.) Thus, the district judge's order moots Plaintiff's motion to compel discovery, as Plaintiff must follow the district judge's procedures.

Accordingly, it is hereby ORDERED:

1. Plaintiffs' motion to compel (ECF No. 90) is DENIED; and
2. The March 4, 2020 hearing is VACATED.

Dated: March 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2