JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division

RICKEY D. TURNER, JR.
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1373

DAVENÉ D. WALKER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 353-9213

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| DEVILS GARDEN PRESERVATION GROUP, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> AMANDA McADAMS, *et al.*, <br><br> Defendants. | Case No.: 2:17-cv-02185-MCE-KJN <br><br> **FEDERAL DEFENDANTS' REPLY TO DEFENDANT-INTERVENORS' RESPONSE RE SETTLEMENT AND DISMISSAL** |

0

In response to Plaintiffs' Notice of Dismissal, *see* ECF No. 112, Defendant-Intervenors state that, despite their protests, they do not oppose dismissal of this case, *see* ECF No. 113 at 1, 5. Thus, dismissal of this case is the proper course at this time.

In addition to their non-opposition to dismissal, Defendant-Intervenors make several erroneous assertions that warrant a brief response. First, Intervenors suggest that this Court must approve the parties' out-of-court settlement agreement. Not so, and Intervenors provide no authority supporting that proposition. The agreement is not a consent decree that requires either Court approval or continuing Court jurisdiction to enforce the terms of settlement. Rather, the agreement is a private, out-of-court settlement; Plaintiffs' sole remedy in the event of a perceived breach is to terminate the agreement and refile its lawsuit. By contrast, were this a Court-approved consent decree, Plaintiffs could move the Court to enforce the terms of settlement. By the terms of the out-of-court resolution arrived at between Plaintiffs and Federal Defendants, Court approval is not required or appropriate.

Second, Intervenors mistakenly assert that the agreement violates federal law and does not allow the public's (or Intervenors') involvement in meetings and other proceedings concerning the management of wild horses in the Modoc National Forest. The agreement does allow for Intervenors' involvement, along with other members of the public, in any proceedings, and it does not violate federal law. If Intervenors believe that any of the Forest Service's actions in the future violate the law, they can file a lawsuit of their own.

Finally, while Federal Defendants will not negotiate a settlement with Intervenors within the context of Plaintiffs' lawsuit, Intervenors fail to disclose that Federal Defendants have agreed to meet with Intervenors separate and apart from the resolution of Plaintiffs' lawsuit to attempt to address Intervenors' concerns, in

an effort to avoid future litigation. The continuation of this action is not necessary for those discussions to occur.

    Therefore, the appropriate course at this time is to dismiss this lawsuit, which none of the parties oppose.

Dated:     March 25, 2021          Respectfully Submitted,

        JEAN E. WILLIAMS
        Acting Assistant Attorney General

        SETH M. BARSKY, Section Chief
        S. JAY GOVINDAN,
        Assistant Section Chief
        DAVENÉ D. WALKER,
        Trial Attorney

        */s/ Rickey D. Turner, Jr.*
        RICKEY D. TURNER, JR.
        Senior Attorney
        U.S. Department of Justice
        Environment & Natural Resources Division
        Wildlife & Marine Resources Section
        999 18th Street
        South Terrace, Suite 370
        Denver, CO 80202
        Telephone: (303) 844-1373

        *Attorneys for Federal Defendants*